NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10000 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00436-GMS-1 |
| v. | |
| MARY ELIZABETH SAM, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief Judge, Presiding

Submitted February 6, 2019[**]
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Mary Elizabeth Sam appeals her conviction for conspiracy to possess marijuana with intent to distribute pursuant to 21 U.S.C. § 846 and possession with intent to distribute pursuant to 21 U.S.C. § 841. Sam alleges that her detention at an interior immigration checkpoint exceeded what is constitutionally permitted

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under *United States v. Martinez-Fuerte*, 428 U.S. 543 (1976), and that the evidence obtained as a result of the detention should have been suppressed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the stop and detention were within the scope of *Martinez-Fuerte* and the district court did not clearly err in finding consent was voluntarily given, we affirm.

1.      Brief questioning at an internal permanent checkpoint is consistent with the Fourth Amendment if the questioning remains within "the scope of the stop." *Martinez-Fuerte*, 428 U.S. at 566–67. The checkpoint at issue is located within the Tohono O'odham Indian Reservation, which spans from Arizona into Mexico. Some tribal members are not United States citizens, and the checkpoint prevents non-citizens from proceeding farther north. The border control agent began the inspection by asking Sam "how's it going" and "where are you coming from" before seeking her consent to search the trunk. The agent testified that he typically includes some casual conversation to present himself as non-confrontational, since many of the same tribal members come through the checkpoint frequently. He also testified that he always ends the interaction by asking, "Are you a United States citizen?" The agent's question as to the origin of Sam's trip directly related to assessing alienage, and initial non-confrontational comments did not exceed the permitted scope of the stop.

A brief detention following valid immigration questioning is constitutional

as long as it is "predicated on an articulable suspicion or 'a minimal showing of suspicion.'" *United States v. Taylor*, 934 F.2d 218, 221 (9th Cir. 1991) (quoting *United States v. Couch*, 688 F.2d 599, 604 (9th Cir. 1982)). Here, the agent noticed that Sam "appeared to be nervous," "was kind of looking straight forward, just kind of looking past everything," had "a thousand-yard stare," held the steering wheel the entire time, and "her voice kind of cracked a little bit." These observations, accompanied by the brevity of the interaction—"lasted only a few minutes, which [Sam] does not contest"—provided the minimal showing required.

2.   "[C]heckpoint searches are constitutional only if justified by consent or probable cause to search." *Martinez-Fuerte*, 428 U.S. at 567. Considering the totality of the circumstances, *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973), we conclude that the district court did not clearly err in finding that Sam consented to the search. Indeed, Sam does not contest that she gave consent, but argues that consent was not effective because it was obtained in an illegal seizure. As discussed above, however, the seizure was constitutionally permissible.

   **AFFIRMED.**